**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS A. BERG; et al.,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>HONEYWELL INTERNATIONAL, INC.<br>And HONEYWELL, INC.,<br><br>Defendants - Appellees. | No. 13-35617<br><br>D.C. No. 3:07-cv-00215-JWS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Argued and Submitted June 3, 2014
Anchorage, Alaska

Before: WALLACE, WARDLAW, and CHRISTEN, Circuit Judges.

In this *qui tam* action under the False Claims Act (FCA), Thomas Berg and

three other plaintiffs (collectively, "the Relators") allege that Honeywell, Inc.

("Honeywell") knowingly submitted fraudulent energy baseline estimates to induce

the U.S. Army to contract with it to overhaul the energy production system at Fort

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Richardson, Alaska. The Relators appeal from the district court's dismissal of their action, which dismissed their First Amended Complaint (FAC) and denied their motion for leave to amend the complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand.

1.      The district court did not err in concluding that the FAC fails to plead Honeywell's alleged fraud with sufficient particularity to satisfy Federal Rule of Civil Procedure 9(b). The FAC does not provide enough "particularized supporting detail" to put Honeywell on notice of the specific conduct it must defend. *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001). The FAC generally alleges that Honeywell knowingly falsified its calculations of existing "baseline" energy costs at Fort Richardson and fraudulently projected savings it knew it could not achieve. But the FAC fails to allege how Honeywell did so.

2.      The district court abused its discretion by denying leave to amend on the sole basis that any amendment would be futile. Denial of leave to amend on the grounds of futility is improper unless it is "clear . . . that the complaint could not be saved by *any* amendment." *United States ex rel. Lee v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) (emphasis added) (internal quotation marks omitted). The Relators' proposed Second Amended Complaint (SAC) and their previously submitted declarations set forth sufficient factual detail to properly

2

plead an FCA fraud-in-the-inducement claim under Rule 9(b). *See United States ex rel. Hendow v. Univ. of Phx.*, 461 F.3d 1166, 1173 (9th Cir. 2006). The SAC and the declarations explain how Honeywell allegedly falsified its estimates—for instance, by overwriting Department of Energy software to include non-standard values for heat infiltration—and identify specific individuals allegedly aware of the fraud from its inception. The record contains sufficient factual allegations for the Relators to plead the "who, what, when, where, and how" of the alleged fraud. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1998). The Relators would be well served, however, to consolidate all of the relevant material in one concise pleading that omits extraneous allegations of mere "[b]ad math." *Wang v. FMC Corp.*, 975 F.2d 1412, 1420 (9th Cir. 1992).

The possibility that Honeywell may prevail at a later stage of this litigation under the so-called government knowledge defense to FCA liability does not support the conclusion that the Relators' complaint cannot be saved by any amendment. Government officials' knowledge of a claim's falsity is not a defense to liability, but it may be "highly relevant" in demonstrating that the government contractor "did not submit its claim in deliberate ignorance or reckless disregard of the truth." *United States ex rel. Hagood v. Sonoma Cnty. Water Agency*, 929 F.2d 1416, 1421 (9th Cir. 1991). This is a fact-specific inquiry that requires the court to

3

draw inferences from evidence in the record. *See Hooper v. Lockheed Martin Corp.*, 688 F.3d 1037, 1051 (9th Cir. 2012). It is therefore appropriate "at the summary judgment stage or after trial," *United States ex rel. Butler v. Hughes Helicopters, Inc.*, 71 F.3d 321, 327 (9th Cir. 1995), not at the motion to dismiss stage.

We decline Honeywell's invitation at oral argument to affirm the denial of leave to amend on the alternative basis that any amendment would be futile because the Relators cannot state a plausible claim for relief. *See Alvarez v. Chevron Corp.*, 656 F.3d 925, 930–31 (9th Cir. 2011). Honeywell argues that, because it could not be paid under an Energy Savings Performance Contract without achieving savings, the allegation that it fraudulently projected savings it knew it could not achieve is inherently illogical. The Relators allege, however, that Honeywell believed from the outset that the Army would eventually renegotiate the contract on terms more favorable to Honeywell even if no savings were initially realized. This theory is not implausible.

Each party shall bear its own costs.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

4